Eugene **CORDOVA**, Appellant,

v.

Harold A. **COX**, Warden of the New Mexico State Penitentiary, Appellee.

No. 8190.

United States Court of Appeals
Tenth Circuit.

Oct. 4, 1965.

Vernon V. Ketring, Littleton, Colo., for appellant.

L. D. Harris, Sp. Asst. Atty. Gen. (Boston E. Witt, Atty. Gen., and Thomas O. Olson, Sp. Asst. Atty. Gen., on the brief), for appellee.

Before BREITENSTEIN, HILL and SETH, Circuit Judges.

PER CURIAM.

Appellant, who is presently incarcerated in the New Mexico State Penitentiary, appeals from a dismissal of his petition for a writ of habeas corpus.

Cordova, when he was thirteen years of age, was committed to the New Mexico State Reformatory, and was released shortly after he reached his nineteenth birthday. Three weeks later and on November 30, 1961, he was arrested in Raton, New Mexico, charged with armed robbery and lodged in the county jail. Soon thereafter, at the request of law enforcement officials, his mother visited him at the jail and urged him to plead guilty. After that the sheriff talked with him and asked him how he was going to plead and he replied, "Not guilty." Then he was visited by the prosecuting attorney, who advised him that if he would plead guilty to armed robbery other possible charges would not be pressed. On December 2, he was taken to the kitchen of the jail and a justice of the peace presented him with a document to sign, which he did. This document was a waiver of a preliminary hearing, a waiver of the right to counsel and contained a conclusional statement that he had been fully advised of his constitutional rights. Cordova, in his oral testimony, denied that there was any discussion with the magistrate before the document was prepared.

On December 4, he was taken before the district judge without counsel, where he entered his plea of guilty to armed robbery and received a sentence of not less than three or more than twenty-five years. There is no reporter's transcript of these proceedings in the record. We find only a formal journal entry of judgment containing categorical statements that the defendant was advised of his constitutional rights, the right of a trial by jury and the right to have counsel appointed for him if he could not afford to employ one. It also recites that he

waived his right to counsel and pleaded guilty as charged and was then sentenced.

Cordova testified that when he appeared before the state district judge he was asked by the judge, "How are you pleading?" and he replied, "Guilty." The court then inquired, "Before I sentence you, would you like an attorney?" Cordova testified, "I told him no, but the way I understood it, was if he wanted an attorney for my—for just to hear my sentencing, that is the way I understood it, because he didn't say anything else, he said 'Before I sentence you,' that is all." Cordova also testified that he had no idea what an attorney could do for him, had never been represented by an attorney and his only previous courtroom experience had been in the juvenile court when he was thirteen years old. He also testified that he did not know whether or not there were any defenses that he could have raised to the charge against him; that he does not remember that the sentencing judge explained to him the punishment that would result from a plea of guilty; that his plea of guilty did result from the promises made to him by the prosecuting attorney; and, that the sentencing judge asked him no questions about any promises that had been made to him.

 By his own testimony and the other admitted facts, we believe Cordova made a prima facie case and thus sustained his burden of proving that his plea of guilty was not intelligently and understandingly made. The court below undoubtedly put great stress upon the journal entry of judgment in the sentencing court and the order of the New Mexico Supreme Court denying Cordova's petition for a writ of habeas corpus in that court. Those two state court documents do not make specific findings of fact but both contain only conclusional findings of fact, and neither are supported here by any record of testimony taken or other evidence. The doctrine of res judicata is inapplicable in habeas corpus proceedings. Before a Federal Court accepts such a state court adjudication in a case involving a state prisoner, who has raised a Federal Constitutional question, the judge must first examine the state court record and satisfy himself that such adjudication is fairly supported by the facts and that there is no "vital flaw" in the state court adjudication.[1] Apparently this was not done in this case.

 To us the case presents the very important constitutional question of whether this young man, admittedly of low mentality and with little formal education, understandingly and intelligently waived his right to counsel and entered his plea of guilty to the crime charged in the information. The findings of fact made by the able trial judge are entirely lacking as findings of basic facts as they contain only findings of conclusional facts. They do not meet the requirements of Rule 52, F.R.Civ.P.[2] On the state of the record before us we do not feel that we can make a proper judicial determination of the case. Therefore, we conclude in the interest of justice, that the case must be remanded to the trial court with directions to vacate the order of dismissal, reopen the case, take any additional competent evidence offered and then to make adequate and sufficient findings of basic facts and conclusions of law.

1. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837; Pate v. Page, 10 Cir., 325 F.2d 567; Miller v. Crouse, 10 Cir., 346 F.2d 301; Linden v. Dickson, 9 Cir., 287 F.2d 55.

2. Woods Construction Co. v. Pool Construction Co., 10 Cir., 314 F.2d 405.