Mitchell **SOBOTA**, Appellant,

v.

Harold A. **COX**, Warden, New Mexico State Penitentiary, Appellee.

No. 8237.

United States Court of Appeals
Tenth Circuit.

Jan. 3, 1966.

E. Michael Canges, Denver, Colo., for appellant.

L. D. Harris, Sp. Asst. Atty. Gen. (Boston E. Witt, Atty. Gen., on the brief), for appellee.

Before PHILLIPS, LEWIS and HILL, Circuit Judges.

PER CURIAM.

Appellant, who is serving a sentence in the New Mexico State Penitentiary of not more than twenty-five years, appeals from a dismissal of his petition for a writ of habeas corpus.

Sobota attacks his judgment of conviction and sentence in the state court because (1) he was denied counsel before the magistrate prior to acknowledging his guilt of the offense charged and waiving a preliminary hearing, and (2) he did not voluntarily and understandingly enter his plea of guilty in the state district court.

At the hearing below appellant testified that upon his appearance before the Justice of the Peace he requested the appointment of an attorney and was advised by the magistrate that there was no provision in the law to authorize such an appointment. The docket entries in that court show Sobota thereafter acknowledged his guilt of the offense charged and waived a preliminary hearing. Appellant, by his testimony did not deny the correctness of these entries. After being charged by the information in the District Court an attorney was appointed to represent Sobota. Sobota testified in substance: When he first talked with his court appointed counsel, he advised the counsel that he wanted to plead not guilty because he had heard the victim of the alleged armed robbery state to the police officer that he did not

see any gun; that he, Sobota, at that time also told his counsel that there was a parole violator's warrant outstanding against him in the State of Illinois and that he would like to be sent back on that warrant; the next time he saw the attorney was in District Court and that the attorney told him that the victim had changed his story about seeing a gun and further stated to him, "Well, plead guilty here and they will send you back" (meaning to Illinois on the parole violator's warrant). Of course, the record disclosed that after pleading guilty, appellant received the long sentence he is now serving. There is nothing in the record to contradict the oral testimony of appellant except the bare conclusions contained in the journal entry of judgment in the sentencing court. We have no transcript of the sentencing proceedings before us.

■■ We believe counsel for appellee places too much stress upon the legal principle that a court judgment must be accepted as valid upon its face and cannot be collaterally attacked. It must be remembered that we are dealing with the law of habeas corpus in this and similar cases. A fundamental principle of law in that field is that the rule of res judicata does not apply. It is also well settled that in a habeas corpus proceeding brought by a state prisoner in a Federal Court, in which a Federal Constitutional question is raised, a prior adjudication of the law or the facts pertaining to the question by a state court is not to be accepted by the Federal Judge without first determining that there is factual and legal support for such adjudication.[1]

■ The only support for the conclusional findings of fact made by the trial court must be found in the journal entry of judgment in the sentencing court and the order of the New Mexico Supreme Court denying Sobota's prior petition for a writ of habeas corpus in that court. The trial court had nothing before him in the way of evidence from which he could properly evaluate those prior state court adjudications.

Therefore, in the interest of justice, we are compelled to remand the case to the trial court with directions to vacate the prior order of dismissal, reopen the case for the taking of any additional competent evidence offered and then to make adequate findings of fact and conclusions of law in accordance with Rule 52, F.R. Civ.P.

---

1. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837; Miller v. Crouse, 10 Cir., 346 F.2d 301; Pate v. Page, 10 Cir., 325 F.2d 567; Cordova v. Cox, 10 Cir., 351 F.2d 269; Linden v. Dickson 9 Cir., 287 F.2d 55.