Audie A. DENTIS, #68362, Petitioner,

v.

The STATE of Oklahoma, Respondent.

No. A–13854.

Court of Criminal Appeals of Oklahoma.

Feb. 16, 1966.

Audie A. Dentis, petitioner, pro se.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondent.

BRETT, Judge:

This is an original proceeding wherein petitioner asks for a case made and permission to file a delayed appeal under the authority of Senate Bill No. 152, passed by the 30th Oklahoma Legislature, which became effective June 2, 1965.

Upon careful examination of the files before us, we find that this petitioner was informed against in the district court of Tulsa County, charged with robbery with firearms, after former conviction of a felony. An attorney was appointed to defend him and he was tried to a jury, found guilty, and his punishment fixed at twenty years in the state penitentiary. The judgment and sentence, according to his petition, was dated April 3, 1963.

In his petition for delayed appeal, defendant states that he was represented by the public defender on arraignment and plea, at his trial, and that his attorney was present when judgment and sentence was entered. That his court-appointed counsel waived delay in passing sentence, did not file a motion for new trial, and did not give notice of his intention to appeal.

Petitioner alleges that thereafter he filed "a motion in the forma pauperis in the form of mandamus in the district court" (of Tulsa County). However, by reference to the case of Dentis v. Page, Warden, Okl.Cr., 403 P.2d 911, it will be

observed that at the time such motion, or application, was filed, the time for taking the appeal had expired. The statutes of the State of Oklahoma provide the manner and time of taking an appeal from a conviction in a criminal case, and we have repeatedly held that such statutes are mandatory.

█ The Act of the Legislature referred to by the petitioner provides that this Court may entertain an appeal, after the original time in which an appeal should have been perfected has expired, when the court determines that any person confined in any penitentiary or penal institution within the State has been denied any right guaranteed to him by the Constitution of the United States or the Constitution of the State of Oklahoma relating to the right of appeal. Petitioner does not allege facts sufficient to bring him within the provisions of this Act, and his application for a post conviction appeal must be denied.

Writ denied.

BUSSEY, P. J., and NIX, J., concur.