Burns TRUSTY, Jr., Appellant,

v.

The STATE OF OKLAHOMA and Ray Page, Warden, State Penitentiary, Appellee.

No. 8594.

United States Court of Appeals Tenth Circuit.

May 5, 1966.

Arthur J. Movius, Denver, Colo., for appellant.

Charles L. Owens, Asst. Atty. Gen. (Charles Nesbitt, Atty. Gen., on the brief), for appellee.

Before PICKETT, HILL and SETH, Circuit Judges.

HILL, Circuit Judge.

Appellant, an inmate of the Oklahoma State Penitentiary, appeals from a denial of his petition for a writ of habeas corpus without an evidentiary hearing. There is no question about exhaustion of state remedies.

Trusty was tried and convicted, after a jury trial, in the District Court of Tulsa County, Oklahoma, for the crime of burglary in the second degree. He is now confined and serving a sentence pursuant to that conviction. Following the conviction and sentence he appealed to the Oklahoma Court of Criminal Appeals and the case was affirmed.[1] There he raised the same question later raised by his petition for habeas corpus in the court below. The sole question presented by the petition is the admission, during his state court trial, of certain evidence allegedly obtained by an unlawful search and seizure. The federal trial court had before it, the petition, together with an official transcript of the state court trial proceedings which was attached to the petition as an exhibit. In addition, it properly considered the reported opinion of the Oklahoma Court of Criminal Appeals in the case. Thus the admonition of this court, as to the duty of a federal court under such circumstances, was adhered to.[2]

The facts as recited in Trusty v. State of Oklahoma, supra, are in substance as follows: Because of numerous recent burglaries in the vicinity of the 4400 block of East 38th Place in Tulsa, Oklahoma, Officer Burris was assigned to patrol the area. After dark, on the night in question, while driving his patrol car in the area, he observed Trusty walking west on East 38th Place carrying an object which resembled a crowbar. Burris recognized Trusty as an ex-convict and knew that he did not live in that part of the city. At the same time, Burris observed two other men whom he recognized as "police characters", walking in the same direction as Trusty but on the opposite side of the street. Burris also noticed a vehicle parked at the curb about one-half block away. He drove his car to a point beyond this car and parked to observe the three men. They walked to the car, got into it and drove toward Burris. Because of his knowledge about the three men, Burris

1. Trusty v. State of Oklahoma, 395 P.2d 350.

2. See Sobota v. Cox, 10th Cir., 355 F.2d 368; Hurt v. Page, 10th Cir., 355 F.2d 169; Cordova v. Cox, 10th Cir., 351 F. 2d 269.

decided to stop the car and question the occupants. He did stop them as the car approached and asked them to get out of the car. Trusty got out from the driver's seat but the other two remained in the car. He asked the two again to get out and he noticed, as they did, one of them stoop down on the side of the car away from where Burris was standing. A second patrol car then arrived and the three men were searched for weapons. Burris then proceeded around the car to examine the place where the man stooped down. There he found a credit card in the name of Frank Newell, 3504 South Toledo Place, bank identification papers belonging to the same man and a gold watch. The officers then radioed their dispatcher this information, another patrol car was dispatched to the Newell address and it was discovered that the home had been burglarized. After receiving this information the officers placed the three men under arrest and searched the car, finding a crowbar, two pairs of gloves, a flashlight and a ring of keys. The three men were taken to the police station and the prosecution followed. After reading the transcript from the state court, we agree that the findings of the Oklahoma Court of Criminal Appeals are supported by that record.

The Oklahoma Court of Criminal Appeals on the basis of the foregoing facts and the law of Oklahoma,[3] concluded that at the time of the arrest, the arresting officers had reasonable grounds to believe a felony had been committed, that Trusty had committed the felony and that the search of the car, as incident to the arrest, was a lawful one., It is the law of Oklahoma that a peace officer may stop any person at night for the purpose of making reasonable inquiry when from

his observation or otherwise gained knowledge, circumstances are created which reasonably suggest that a crime has been or is about to be committed.[4]

■■ Appellant urges that the court below should have granted him an evidentiary hearing and then granted the writ. The question raised by the petition for the writ is certainly one cognizable by a federal court, but that does not necessarily mean the petitioner is entitled to an evidentiary hearing. In Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770, the Court, in considering the necessity for an evidentiary hearing upon a state prisoner's petition for a writ of habeas corpus, said, "Where the facts are in dispute, the federal court in habeas corpus must hold an evidentiary hearing if the habeas applicant did not receive a full and fair evidentiary hearing in a state court, either at the time of the trial or in a collateral proceeding. In other words a federal evidentiary hearing is required unless the state-court trier of fact has after a full hearing reliably found the relevant facts."[5]

In this case, at the state court trial level, the accused prior to trial, filed his motion to suppress evidence and an evidentiary hearing was had before the trial judge and the motion to suppress was denied. After the conviction and sentence a direct appeal was taken to the highest court of the state with jurisdiction of the subject matter. That court, the Oklahoma Court of Criminal Appeals, with a transcript of the entire record from the trial court, including the evidence adduced at the hearing on the motion to suppress, wrote a formal opinion containing a recitation of the facts as

---

3. 22 O.S.1961, § 196, § 198; State v. Chronister, Okl.Cr., 353 P.2d 493.

4. State v. Chronister, supra.

5. The Court in that case set out particular circumstances requiring a federal court evidentiary hearing as follows:
    "If (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the

record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing."

176

revealed by the record and affirmed the trial court in all respects.

It is significant that in the state court hearing upon the motion to suppress that the movant used only the testimony of the arresting officer, therefore, there is no conflict in the trial record as to the facts and circumstances of the arrest and search. The Oklahoma Court of Criminal Appeals was not put in the position of weighing the evidence in its recitation of the facts, it obtained those facts from an uncontradicted source.

We must conclude that none of the circumstances enumerated in Townsend v. Sain, supra, requiring a federal court evidentiary hearing are present in this case. In addition we believe the court below acted judiciously in considering the petition, the state trial court transcript, and the reported opinion of the Oklahoma Court of Criminal Appeals, which is the highest state court with jurisdiction, and thereafter denied the writ. As was the trial court, we are convinced the state process gave appellant's contentions and evidence fair consideration and resulted in a satisfactory result.

Affirmed.