**Ray TIPTON, Appellant,**

v.

**Sherman H. CROUSE, Warden, Kansas State Penitentiary, Lansing, Kansas, Appellee.**

**No. 8678.**

United States Court of Appeals Tenth Circuit.

June 7, 1966.

William M. Cook, Kansas City, Kan., for appellant.

Richard H. Seaton, Asst. Atty. Gen., of Kansas (Robert C. Londerholm, Atty. Gen. of Kansas, on the brief), for appellee.

Before BREITENSTEIN and HILL, Circuit Judges, and LANGLEY, District Judge.

PER CURIAM.

Appellant, serving a life sentence for murder, appeals from an order dismissing his petition for a writ of habeas corpus.

Tipton was originally charged in 1955 in the magistrate court of Johnson County, Kansas. A preliminary hearing was held, where he was represented by a court-appointed counsel, and he was bound over for trial. An information was filed against him in the District Court of Johnson County, Kansas, charging murder in the first degree, and the

previously court-appointed counsel was again appointed to represent him. A plea of not guilty was entered upon arraignment, which plea was later changed to a plea of guilty and the life sentence was pronounced upon him.

In 1964 Tipton filed a motion under K.S.A. 60–1507 in the sentencing court, alleging generally that his plea of guilty was coerced and induced by promises that were not thereafter fulfilled and that he had ineffective assistance of counsel. Counsel was appointed for him and an evidentiary hearing had. The court made findings of fact and denied the motion. An appeal was taken to the Supreme Court of Kansas and the order denying the motion was affirmed.[1]

Appellant then filed his petition below which contained the same contentions that were made in the § 1507 motion. The trial court, on the basis of the findings of facts by the sentencing court and the opinion of the Supreme Court of Kansas, dismissed the petition. It is very significant at this point to recite that the record before us fails to show that the trial judge had before him a transcript of the evidentiary hearing upon the § 1507 motion in the sentencing court or a transcript of the proceedings had at the time Tipton entered his plea of guilty.

The admonition of the Supreme Court[2] and this court[3] was not heeded. Under such circumstances as presented in this case, it is the duty of a federal court to determine whether the findings of fact by the state court have a factual basis and the prior adjudication by the state courts standing alone is not sufficient. The federal court must determine that the prior adjudication has both factual and legal support.[4]

The order denying the writ is reversed and the case is remanded for further proceedings consistent herewith.

---

1. Tipton v. State, 194 Kan. 705, 402 P.2d 310.

2. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770.

3. Sobota v. Cox, 10 Cir., 355 F.2d 368; Cordova v. Cox, 10 Cir., 351 F.2d 269.

4. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837; Sobota v. Cox, supra.