**Bobby Jack HUMPHRIES, Petitioner,**

v.

**The STATE of Oklahoma, and the District Court of Garvin County, Respondents.**

**No. A–13948.**

Court of Criminal Appeals of Oklahoma.

July 6, 1966.

Bobby Jack Humphries, pro se.

Charles Nesbitt, Atty. Gen., for respondents.

NIX, Judge.

This is an original proceedings filed by the petitioner, Bobby Jack Humphries, seeking an order of this Court directing case made to be furnished and permission to file Post-Conviction Appeal.

Petitioner plead Guilty to the Crime Against Nature in the District Court of Garvin County and received a sentence of Three Years and Four Months to Ten Years in the Penitentiary.

He alleges that since he was not represented by counsel at any stage of his proceedings, he didn't understand what he was doing, and that he didn't know of his right to appeal, and therefore was denied his Constitutional rights.

Petitioner's allegation must fail on the strength of the document that he attached to his petition, labled, "Waiver of Constitutional Rights on Plea of Guilty", which reads:

"Comes now Bobby Jack Humphries, the defendant above named, in person, answers to the correctness of name, and advises the Court that he is 26 years of age. Defendant acknowledges being advised in detail of the following rights and having all questions answered by the Court: Right to a reading aloud of the Information. Right to be represented by counsel at all stages of the proceedings; Right to Court-appointed Counsel, if accused indigent, or a minor. Right to consult counsel before further proceeding. Right to have a preliminary hearing, and if none had with counsel, that upon request, this case will be immediately remanded to the Committing Magistrate.

Defendant in Open Court waives such other rights, and requests the Court to proceed with the arraignment, after which the Court further advised, but in greater detail, as follows: Right to time in which to plead. Statutory punishment for offense alleged. Plea to be "Guilty" or "Not Guilty". If plea "Not Guilty", defendant's right to: Speedy, public jury trial; Waive jury trial and present issues to the Court, if parties agree; appearance bond pending trial, and pending appeal, if any taken; confrontation by and cross-examination of prosecution's witnesses; Burden of proof on State, presumption of innocence. Present defense, or stand mute. Compulsory attendance of defense witnesses. Unanimous verdict of jury. Request jury to fix punishment. Appeal Conviction, and if indigent, at public expense.

If plea "Guilty" as charged in the Information: Duty on court to fix punishment. Evidence of mitigation or aggravation admissible. Recommendation of prosecutor, if any, not binding upon the Court. Right for time before the pronouncement of judgment and sentence.

After having any and all questions answered by the Court, defendant waives further time in which to plead, and all the other rights as explained, advises the Court in response to inquiry that no promises or threats have been made to defendant, and that the statutory punishment prescribed is understood.

Whereupon, defendant enters a plea of "Guilty" as charged in the Information, specifically waives time for the pronouncement of Judgment and Sentence, and requests the Court to pass sentence now, which is done in accordance with law.

Done in Open Court this 14th day of April, 1965.

/s/ Bobby Jack Humphries
Defendant                                    "

The above document was witnessed and certified, and filed in the District Court of Garvin County, Oklahoma.

This record speaks for itself, and as this Court has repeatedly held, as in the controlling case of Huggins v. State, Okl.Cr., 388 P.2d 341:

"Where the record affirmatively shows that an accused knew and understood his right to counsel and competently and intelligently waived this right and entered a plea of guilty, with full knowledge of the consequences of such plea, the requirements of the Fourteenth Amendment of the Constitution of the United States making obligatory the provisions of the Sixth Amendment of the Constitution of the United States upon the states have been fully complied with and application for Habeas Corpus will be denied."

Writ denied.

BRETT, J., and BUSSEY, P. J., concur.