Floyd **BLOCKYOU**, Appellant,

v.

Sherman H. **CROUSE**, Warden, Kansas State Penitentiary, Lansing, Kansas, Appellee.

No. 8759.

United States Court of Appeals Tenth Circuit.

Aug. 11, 1966.

William K. Hickey, Denver, Colo., for appellant.

Daniel D. Metz, Topeka, Kan., for appellee.

Before LEWIS, BREITENSTEIN and HICKEY, Circuit Judges.

PER CURIAM.

Appellant, serving a sentence for manslaughter, appeals from an order dismissing his Petition for Writ of Habeas Corpus without an evidentiary hearing.

Blockyou was charged with murder and first tried February 18, 1963. This trial was terminated when the jury was discharged having failed to reach a verdict. The second trial occurred from April 3rd to April 16, 1963, and resulted in a verdict of guilty of manslaughter.

Up to this point, appellant had been represented by counsel of his own choosing.

In his appeal on the manslaughter conviction to the Supreme Court of Kansas, no trial errors were raised. The question raised was whether or not appellant had been placed in jeopardy a second time. The Supreme Court of Kansas set out in full the portion of the transcript of the first trial describing the discharge of the jury. Based upon this transcript, the Supreme Court of Kansas decided the plea based upon double jeopardy had been properly overruled.

A question was suggested in the appeal that counsel, who was court-appointed, should have demanded a complete transcript of both trials below. The Kansas Supreme Court disposed of this as a claim without merit and frivolous in nature.

The question presented in the Petition for Writ of Habeas Corpus is whether or not the failure to obtain the transcript of the first trial denied the appellant his constitutional rights.

The trial court, having examined the Kansas decision, determined the findings of fact made by the State Court had a factual basis, and denied the petition.[1]

The transcript of the initial trial might have had some value to appellant's counsel in the second trial for purposes of impeachment, however, counsel there employed was appellant's own counsel and undoubtedly decided that the transcript was not needed.

"After the jury have been discharged for failure to agree the case is terminated with no issue determined and stands as if no trial had been had, and it is ready for retrial immediately or at a future time as directed by the court." [2]

The appeal to the Kansas Supreme Court was based upon the completed trial which was the only one in which there was a verdict to be appealed.

Appellant presents no specific facts that might be obtained from the transcript of the first trial, wherein no issues were resolved, which would indicate denial of constitutional rights. No allegations were made, in the petition, that would identify facts to be examined occurring in the first trial that would of themselves show a denial of appellant's constitutional rights.

The support for the conclusional findings of fact by the trial court is stated in toto in the report of the Kansas Supreme Court, State v. Blockyou, 195 Kan. 405, 407 P.2d 519, 521, and was relied upon by the trial court in denying the petition.

The order of the trial court is affirmed.

1. Tipton v. Crouse, 361 F.2d 817 (10th Cir. 1966) Sobota v. Cox, 355 F.2d 368 (10th Cir. 1966); Cordova v. Cox, 351 F.2d 269 (10th Cir. 1965).

2. 89 C.J.S. Trial § 482, p. 134.