Bobby Jack **HUMPHRIES,** Appellant,

v.

The **STATE OF OKLAHOMA** and the District Court of Garvin County, Oklahoma, Appellees.

No. 9124.

United States Court of Appeals
Tenth Circuit.

Feb. 13, 1967.

Jean P. Jones, Denver, Colo., for appellant.

Sam Hellman, Oklahoma City, Okl. (Charles Nesbitt and Charles L. Owens, Oklahoma City, Okl., on brief), for appellees.

Before MURRAH, Chief Judge, HILL and SETH, Circuit Judges.

MURRAH, Chief Judge.

Petitioner brings this appeal from the denial without hearing of his application for writ of habeas corpus on the grounds that he was denied his constitutional right to the assistance of counsel in the Oklahoma state criminal proceedings against him.

It seems to be agreed that on April 13, 1964, petitioner entered his plea of guilty to a charge of the Crime Against Nature. After entering upon service of his sentence, he filed an original proceedings in the Oklahoma Court of Criminal Appeals seeking permission to file a "Post-Conviction Appeal" and alleging that since he was not represented by counsel at any stage of the proceedings against him, he did not understand the impact of his acts nor his right to appeal and was therefore denied his constitutional rights. The relief sought was denied on the strength of petitioner's written "Waiver of Constitutional Rights on Plea of Guilty" attached to his pleadings and set forth verbatim in the opinion of the Oklahoma court. Humphries v. State, Okl.Cr., 416 P.2d 169. This instrument recites in meticulous detail

that petitioner was fully advised of the nature of the charges against him, the penalty therefor, his right to be represented by counsel at all stages of the proceedings, and to the appointment of counsel if indigent; that "after having any and all questions answered by the Court, defendant waives further time in which to plead, and all the other rights * *. Whereupon, defendant enters a plea of 'Guilty' as charged * * *, specifically waives time for the pronouncement of Judgment and Sentence, and requests the Court to pass sentence now, which is done in accordance with law. Done in Open Court this 14th day of April, 1965." The opinion of the Oklahoma court recites that this document was witnessed, certified and filed in the sentencing court. The Oklahoma court was of the view that "This record speaks for itself, and as this Court has repeatedly held * * * 'Where the record affirmatively shows that an accused knew and understood his right to counsel and competently and intelligently waived this right and entered a plea of guilty, with full knowledge of the consequences of such plea, the requirements of the Fourteenth Amendment * * * of the Constitution of the United States * * have been fully complied with and application for Habeas Corpus will be denied.'" Quoting from Huggins v. State, Okl.Cr., 388 P.2d 341.

On this record the federal habeas corpus court concluded that there being no actual merit to petitioner's contentions and the question involved having been specifically passed upon by the highest court of the state of Oklahoma, it, therefore, need not be re-examined.

The petitioner's pro se statement of the facts alleges that he was " * * * arrested, questioned at length, and advised by the assistant County Attorney to 'copout' and go to the penitentiary and get it over with as I would ha*ft* to go anyway. Being this the first time that your petitioner ever committed a felony he was ignorant of the law and also of his legal rights. He was asked to sign a 'waiver' and at this request your petitioner agreed to as I didn't know I had rights to protect me in this situation as I had no lawyer or coun*sler* at any time, being I was a pauper I couldn't call my own lawyer." [1]

We cannot attribute to the waiver the conclusiveness which both the Oklahoma appellate court and the federal trial court seem to give it. As reproduced in the opinion of the Oklahoma court, the waiver recites that it was "Done in Open Court this 14th day of April, 1965." Yet, it seems to be agreed that the petitioner entered his plea on the 13th day of April, 1964. It may well be that the discrepancy in both the year and the day of the month are inadvertent. But, if the year is inadvertent and the day of the month is correct, we must conclude that the waiver was not executed in open court on the day petitioner entered his plea and was found guilty as the instrument recites on its face, but rather on the following day, i. e. the 14th. There is nothing in the record to explain this apparent discrepancy.

If the document is in fact a recitation of "open court" proceedings in the presence of the sentencing judge, it is, of course, entitled to the verity and integrity of an open court judicial proceedings, and the factual recitations would be conclusively binding in this collateral attack. On the other hand, if this is in fact an out of court statement brought into court and made a part of the record, though couched in language of an in court proceedings, its voluntariness and intelligent execution is vulnerable to attack in habeas corpus proceedings as if it were a confession. The burden is, of course, on the petitioner to show by a preponderance of the evidence

---

1. The trial court seemed to think this statement amounted to a confession of petitioner's guilt of the offense charged. But, we construe the untutored statement as meaning to say that this was the first time he had ever been charged with a felony. In any event, his guilt or innocence' is irrelevant to the question of whether his constitutional rights were vouchsafed.

that he is entitled to relief, i. e. that the statement is not a record of a judicial inquiry concerning the knowing waiver of constitutional rights. See Sanchez v. Cox, 10 Cir., 357 F.2d 260.

As the record stands before us, we have the petitioner's untraversed and uncontradicted statement that he signed the instrument relied upon under duress. The fact that he was not represented by counsel raises a presumption that it was not voluntarily and understandably given, i. e. see Leighton v. Cox, 10 Cir., 365 F.2d 122; Haier v. United States, 10 Cir., 357 F.2d 336. The discrepancy in the dates we have noted lends some credence to his allegations. There is nothing in this record or the record before the Oklahoma Court of Criminal Appeals tending to reflect what actually transpired in this case unless we treat the instrument as an unimpeachable record of open court proceedings. This we decline t · do.

This case is somewhat analogous to Cordova v. Cox, 10 Cir., 351 F.2d 269, where the federal habeas corpus court looked behind a formal Journal Entry to determine whether the categorical statements therein were supported in fact. We said, following the blueprint of Fay v. Noia[2] and Townsend v. Sain,[3] that "Before a Federal Court accepts such a state court adjudication in a case involving a state prisoner, who has raised a Federal Constitutional question, the judge must first examine the state court record and satisfy himself that such adjudication is fairly supported by the facts and that there is no 'vital flaw' in the state court adjudication." And see also Semet v. United States, 10 Cir., 369 F.2d 90; Hall v. Page, 10 Cir., 367 F.2d 352; Tipton v. Crouse, 10 Cir., 361 F.2d 817; Sobota v. Cox, 355 F.2d 368, 369; Cf. Blockyou v. Crouse, 10 Cir., 364 F.2d 804; Trusty v. State of Oklahoma, 10 Cir., 360 F.2d 173.

The case is reversed and remanded with directions to conduct a hearing in accordance with the views herein expressed.

2. 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837.

3. 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770.