Audie A. DENTIS, Appellant,

v.

The STATE OF OKLAHOMA, and Ray Page, Warden, State Penitentiary, Appellee.

No. 9190.

United States Court of Appeals Tenth Circuit.

April 18, 1967.

John H. Williamson, Denver, Colo., for appellant.

Charles L. Owens, Asst. Atty. Gen. (G. T. Blankenship, Atty. Gen., on the brief), for appellee.

Before BREITENSTEIN and HILL, Circuit Judges, and BROWN, District Judge.

PER CURIAM.

Appellant, an inmate of the Oklahoma State Penitentiary, appeals from an order denying a petition for a writ of habeas corpus. The writ was denied after an examination of the pleadings and exhibits before the court, without an evidentiary hearing.

In substance, the petitioner alleges a denial of the right of appeal because he was without the aid of counsel in all matters pertaining to the appeal.

Without question, Dentis did not file a notice of appeal from his state court judgment of conviction within the time fixed by state statute. He did subsequently request that he be furnished with a casemade at public expense. This was ignored and he then filed a petition for a writ of habeas corpus in the Oklahoma Court of Criminal Appeals, which petition was denied upon the ground that habeas corpus could not be used as a substitute for appeal. Dentis v. Page, Okl.Cr., 403 P.2d 911. Dentis thereafter filed a petition for a delayed appeal under 22 Okl.St.Ann. § 1073 in the same court which was denied because it did not allege facts constituting denial of a Con-

stitutional right relating to appeal. Dentis v. State, Okl.Cr., 411 P.2d 250.

■ Clearly, appellant raised a Constitutional question in his petition filed in the trial court [1] and no evidentiary hearing was had upon the issue. The denial was based on the record before the court, consisting of the petition, order to show cause and response with a copy of the Judgment and Sentence on Conviction filed in the state trial court attached thereto. In addition the trial judge gave consideration to the legal conclusions and factual findings of the Oklahoma Court of Criminal Appeals in the two cases cited above. In a habeas corpus case brought by a state prisoner in which a federal Constitutional question is raised, a prior adjudication of the law or facts by a state court is not to be accepted by the federal judge without first determining that there is factual and legal support for such adjudication.[2]

We do not believe that the trial judge adhered to this rule. It is true that he had a copy of the journal entry of judgment and sentence on conviction and that such printed form recites that "defendant is by the court notified of his right of appeal." Such a printed form of journal entry is certainly worthy of consideration but a reporter's transcript of what exactly did transpire would be much more persuasive to us. He did not have a reporter's transcript of the state court proceedings or any other acceptable evidence reflecting the true circumstances surrounding the allegation of denial of the right of appeal.

■ Up to this point petitioner has not been afforded an evidentiary hearing in any court despite his continued efforts. We are convinced that in view of the clear Constitutional question raised by petitioner and in the interest of justice an evidentiary hearing should be had.

---

1. Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811; Chase v. Page, 10 Cir., 343 F.2d 167.

2. Cordova v. Cox, 10 Cir., 351 F.2d 269; Tipton v. Crouse, 10 Cir., 361 F.2d 817; Sobota v. Cox, 10 Cir., 355 F.2d 368.

The order dismissing the cause is therefore set aside and the case is remanded for the appointment of counsel and for the holding of an evidentiary hearing on the Constitutional issue raised.