**A. L. CAPPS, Appellant,**

v.

**Wayne K. PATTERSON, Warden, Colorado State Penitentiary, Appellees.**

**No. 9915.**

United States Court of Appeals
Tenth Circuit.

July 10, 1968.

· Duke W. Dunbar, Atty. Gen., and Robert C. Miller, Asst. Atty. Gen., filed a motion to affirm for appellee.

· No response was filed by the appellant.

Before MURRAH, Chief Judge, and BREITENSTEIN, Circuit Judge.

PER CURIAM.

 Appellant attacks the validity of his state sentence on the sole ground that his conviction was obtained in violation of the constitutional prohibition on unreasonable searches and seizures. This same contention was rejected by the Colorado Supreme Court on appeal by writ of error from the conviction and sentence. Capps v. People, Colo., 426 P.2d 189 (1967).[1] The district court was satisfied that the evidence adduced at the hearing on the motion to suppress supported the state trial court's finding that Capps consented to the search of his motel room.[2] We find no error in the trial court's denial of the petition for habeas corpus. Appellee's motion to affirm is granted and the judgment is affirmed.

1. The appellant has not filed a motion to vacate the sentence pusuant to Rule 35 (b)', Colorado Rules Criminal Procedure. He has thus not exhausted available state remedies within the meaning of 28 U.S.C. § 2254. Brown v. Crouse, 399 F.2d 311, (10th Cir. 1968); and Omo v. Crouse, 395 F.2d 757, (10th Cir. 1968). But where, as here, the district court has treated the petition for habeas corpus on the merits we do not believe the ends of justice are best served by remanding the cause to the district court with instructions to vacate its judgment and to dismiss the petition for failure to exhaust.

2. We note that Judge Doyle made an independent examination of the state court record and satisfied himself that the finding was fairly supported by the facts as required by Cordova v. Cox, 351 F. 2d 269 (10th Cir. 1965). See also Humphries v. State of Oklahoma, 373 F.2d 200 (10th Cir. 1967) and Tipton v. Crouse, 361 F.2d 817 (10th Cir. 1966).