Dennis MAXWELL, Appellant,

v.

John W. TURNER, Warden, Utah State Prison, Appellee.

No. 25-68.

United States Court of Appeals Tenth Circuit.

May 26, 1969.

**806**

Earl A. Hauck, Englewood, Colo. (Donald H. Lees, Oklahoma City, Okl., on the brief), for appellant.

Joseph P. McCarthy, Salt Lake City, Utah (Phil L. Hansen, Atty. Gen., on the brief), for appellee.

Before BREITENSTEIN, SETH, and HICKEY, Circuit Judges.

SETH, Circuit Judge.

Appellant, presently incarcerated in the Utah State Prison pursuant to a sentence of one to twenty years for second degree burglary, petitioned the United States District Court for a writ of habeas corpus under 28 U.S.C. § 2254. Relief was denied and he has taken this appeal.

Appellant urges that his plea of guilty to the burglary charge was involuntary and coerced in that it was induced by promises and representations by state officials, specifically the Weber County sheriff and parole officer. Appellant argues that the United States District Court erred in failing to conduct an evidentiary hearing, and in failing to make specific findings of fact and conclusions of law as required by 28 U.S.C. § 2254(d).

The question presented is whether section 2254(d) as amended in 1966 required the United States District Court to hold an evidentiary hearing for this state prisoner who had an evidentiary hearing in the state trial court. The Utah trial court decided the issue adversely to the prisoner, and the ruling was upheld by the Utah Supreme Court. The order of the United States District Court recites that the records, files, and papers in the matter were examined and that the court pursuant to 28 U.S.C. § 2254 examined the records of the state proceedings and found the record to support the findings of the state court. The court also found that petitioner alleged no facts or matters other than those considered by the state courts as part of the record.

Perhaps section 2254(d) would be less ambiguous if the word "evidentiary" had not been mentioned in the

first sentence in the paragraph following the eight enumerated provisos. A study of the legislative history of the amendment indicates that the purpose of the amendment was to relieve federal courts of the necessity of relitigating factual issues concerning federal rights claimed by a state prisoner when such factual determinations have already been made by state courts either at trial or in a post-conviction proceeding where the prisoner has had adequate opportunity to present evidence. The clear mandate of Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963) is that:

> " * * * [T]he federal court in habeas corpus must hold an evidentiary hearing if the habeas applicant did not receive a full and fair evidentiary hearing in a state court, either at the time of the trial or in a collateral proceeding."

Also, see generally Harris v. Nelson, 394 U.S. 286, 89 S.Ct. 1082, 22 L.Ed.2d 281, October 1968 Term.

It is apparent that the section 2254 amendment was based largely on the Court's opinion in Townsend v. Sain. Since that decision this court has had various opportunities to pass on the specific requirements of the amendment. It was stated in Brown v. Crouse, 399 F.2d 311 (10th Cir. 1968), that:

> "Paragraphs (d), (e), and (f) of § 2254 are not intended to render unnecessary an evidentiary hearing in a habeas corpus proceeding in a federal court instituted by a state court prisoner, where the application for the writ or the response thereto present material issues of fact."

In Maes v. Patterson, 401 F.2d 200 (10th Cir. 1968), we pointed out that Brown v. Crouse did not intend to require an evidentiary hearing in all cases where an issue of fact exists. Moreover it was stated in Maes.

> "Practical impacts of the 1966 amendment were to relieve federal courts of the necessity of relitigating factual issues determinative of federal rights claimed by state prisoners, of trying such an issue de novo, and of further relieving the federal courts from merely reiterating the proper application of federal legal right when the state court has correctly applied the federal law."

■■ The foregoing clearly indicates that the federal district court need not hold an evidentiary hearing if the hearing in the state court was adequate to develop the facts. In the instant case the state trial court granted the opportunity to present evidence as to the voluntariness of petitioner's confession, and the petitioner himself testified, offered other testimony in his behalf, and cross-examined the state's witnesses. The state court hearing met the requirements of Townsend v. Sain and of the statutes.

Appellant further argues that even though it might be said an adequate hearing was had, the record and written indicia as required by section 2254 (d) were not sufficient so as to enable the federal district court to make the independent determination that it is required to do. Harris v. Nelson, 394 U.S. 286, 89 S.Ct. 1082, 22 L.Ed.2d 281; Maes v. Patterson, 401 F.2d 200 (10th Cir. 1968).

■ If the facts supported appellant's allegation that he was induced to waive counsel and plead guilty by reason of the promises made by the sheriff and the parole officer, then of course he would be entitled to relief. Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962); Crow v. United States, 397 F.2d 284 (10th Cir. 1968); Semet v. United States, 369 F.2d 90 (10th Cir. 1966); Putnam v. United States, 337 F.2d 313 (10th Cir. 1964); Luse v. United States, 326 F.2d 338 (10th Cir. 1964). However, the state district court found the facts adversely to the appellant's contention and denied the writ. The complete transcript of the state habeas corpus hearing was be-

fore the district court and is before us. It demonstrates that the testimony of not only the appellant but of the parole officer and the sheriff indicate that appellant's petition is without merit. Appellant himself testified that he had already pled guilty and waived counsel before he ever even discussed whether or not he would be granted probation with the probation officer. The probation officer's testimony substantiates this admission made by the appellant. The sheriff testified that he at no time promised the appellant that he would be granted probation if he would plead guilty, and although the appellant testified to the contrary, as has been pointed out above, the trial court chose to believe the sheriff.

The case of Dentis v. State of Oklahoma, 376 F.2d 590 (10th Cir. 1967), offered by appellant as authority is not persuasive because no evidentiary hearing was there held in any court. In Justus v. State of New Mexico, 378 F.2d 344 (10th Cir. 1967), an evidentiary hearing was held in the United States District Court and the District Court's denial of the writ was affirmed. In Humphries v. State of Oklahoma, 373 F.2d 200 (10th Cir. 1967), the district court's denial of the writ was reversed and the case remanded with directions for the district court to conduct a hearing as there had been no effective United States District Court "hearing." In Cordova v. Cox, 351 F.2d 269 (10th Cir. 1965), although there was a hearing in the state court it was apparent that the federal district judge failed to examine the state court record and satisfy himself that the adjudication there made was fairly supported by the facts and that there was no "vital flaw." The case was remanded on that ground only.

The state hearing met the standards and the United States District Court examined the state proceedings in a manner to also meet the requirements of 28 U.S.C. § 2254 and of Townsend v. Sain.

Affirmed.