## WILLIAM L. ADAMS, Appellant, v. THE STATE OF NEVADA, Respondent.

### No. 5947

May 11, 1970

469 P.2d 65

*Martillaro and Bucchianeri,* of Carson City, for Appellant.

*Harvey Dickerson,* Attorney General, *Robert F. List,* District Attorney, and *Michael E. Fondi,* Deputy District Attorney, of Carson City, for Respondent.

## OPINION

By the Court, BATJER, J.:

Adams was tried for the crime of lewdness with a child under fourteen years of age. The jury was unable to reach a verdict and was dismissed. Adams then commenced a habeas corpus proceeding in the district court to preclude a retrial of the charge against him. The basis of his petition is that the victim child was incompetent to testify against him.

At the time of the offense the victim was nine years of age. At the time of the preliminary examination she had reached

her tenth birthday. A *voir dire* examination was conducted at the preliminary examination to determine the child's understanding of the oath and her realization that she was required to tell the truth. The magistrate concluded that the child was a competent witness and she was permitted, without objection, to testify to the facts of the offense. The child also testified at the jury trial which followed in due course. The thrust of the argument presented in this court is that material discrepancies between the child's testimony given at the preliminary examination and at the trial demonstrate her incompetency as a witness.

1. The failure of the trial jury to agree upon a verdict following the trial is the same, in legal effect, as though there had been no trial. People v. Crooms, 152 P.2d 533 (Cal.App. 1944); People v. Messerly, 116 P.2d 781 (Cal.App. 1941); State v. Blockyou, 407 P.2d 519, 521 (Kan. 1965); State v. Hutter, 18 N.W.2d 203 (Neb. 1945). The proceeding is not subject to review directly or collaterally by habeas corpus. The issue of the child's competency to testify will undoubtedly be presented to the trial court upon retrial. If the witness is permitted to testify and if Adams is convicted, we may then review the issue upon direct appeal.

The order of the district court denying the appellant's petition for a writ of habeas corpus is affirmed.

COLLINS, C. J., ZENOFF, MOWBRAY, and THOMPSON, JJ., concur.