Joseph LePAGE et al., Plaintiffs, Appellants,

v.

Philip J. PICARD, Respondent, Appellee.

No. 73–1359.

United States Court of Appeals, First Circuit.

Argued March 6, 1974.

Decided April 18, 1974.

Evan T. Lawson, Boston, Mass., by appointment of the court, for plaintiffs, appellants.

Barbara A. H. Smith, Asst. Atty. Gen., with whom Robert H. Quinn, Atty. Gen., John J. Irwin, Jr., Asst. Atty. Gen., Chief, Crim. Div., and David A. Mills, Asst. Atty. Gen., Chief, Crim. Appellate Section, were on brief, for respondent, appellee.

Before COFFIN, Chief Judge, ALDRICH and CAMPBELL, Circuit Judges.

COFFIN, Chief Judge.

This is a consolidated appeal from dismissal of petitioners for writs of habeas corpus. Petitioners are serving life sentences pursuant to convictions, for first degree murder and armed assault with intent to rob, reached after a trial which began on February 4, 1965, in Massachusetts Superior Court.[1] The hearing below was limited, by agreement of counsel, to the claim that the Superior Court denial of petitioners' motion to suppress certain incriminating statements and their subsequent admission into evidence were violative of the Supreme Court's holding in Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L. Ed.2d 977 (1964). The district judge

ruled that the petitioners had failed to show by convincing evidence that the state court rulings were in error. 28 U.S.C. § 2254.

■ The statements in question took place while the petitioners were in police custody on the night of March 13 or in the early morning of March 14, 1964, before the decision in *Escobedo* had been reached. However, because the trial took place after the Supreme Court's decision in June, 1964, *Escobedo* is applicable. Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966). Counsel in support of the motion to suppress argued specifically that *Escobedo* had been violated, and that the confessions were involuntary. The Superior Court rejected the challenge:

"[O]n the evidence adduced at the voir dire . . . the constitutional rights of the defendants were not violated, and . . . the defendants were not prejudiced with respect to any such rights.

I find that so much of the oral admissions and statements made by either of the defendants of an incriminating nature to police officers and police officials at the police interrogation of them at the Cambridge Police Station the night of March 13 to 14, 1964 as constituted a confession by either of the defendants were given voluntarily and were neither coerced by the police nor induced by any promises made by the police and therefore that the same are to be received in evidence before the jury under appropriate instructions."

■ In concentrating on the voluntariness issue, the Superior Court did not articulate the legal standards applied or facts found in determining whether other "constitutional rights" including the right to counsel had been violated. It is petitioners' central contention that

1. The facts of the case can be found in Commonwealth v. LePage, 352 Mass. 403, 226 N.E.2d 200 (1967). The incriminating statements relevant to this appeal are set forth at 408, 226 N.E.2d 200.

because the district court had reason to suspect the application of an incorrect constitutional standard, the requisite facts cannot be presumed to have been properly found and therefore that a *mandatory* habeas corpus hearing was required of the district court under Townsend v. Sain, 372 U.S. 293, 312–318, 83 S.Ct. 745, 9 L.Ed.2d 770 (1966). If we accept the premise that a hearing was mandated it would follow that the district court incorrectly required the petitioners to prove by convincing evidence that the Massachusetts court was in error; preponderance of the evidence would be the appropriate measure. But we are not so persuaded and find that the district court held a *discretionary* habeas corpus hearing, properly requiring a showing by convincing evidence under 28 U.S.C. § 2254.

Petitioners ask us to infer from the state appellate court's articulation of the *Escobedo* standard the application of an inappropriate rule by the trial court. It is the petitioners' position that the Supreme Judicial Court held that *"Escobedo* did not apply" and that therefore the district court, hearing the petitions for habeas, had reason to believe the Superior Court failed to apply *Escobedo*. This argument is premised on the following statement by the Supreme Judicial Court:

> "The interrogation of the defendants occurred before the decision in Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (June 22, 1964). The trial (February 4 to 19, 1965) took place before the decision in Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L.Ed.2d 694 (June 13, 1966). The *Miranda* decision, of course, need not be retroactively applied to this case. Johnson v. New Jersey, 384 U.S. 719, 726–735, 86 S.Ct. 1772, 16 L.Ed.2d 882. . . . The Supreme Court in the *Johnson* case, 384 U.S. 719, 731–735, 86 S.Ct. 1772, recognized that police authorities, like the Cambridge police in the present case, 'attempting to protect the privi-

lege' against self-incrimination, prior to the *Escobedo* and *Miranda* decisions, had 'not been apprised . . . of the specific safeguards' which emerged in those cases. That court also recognized that naturally enough, such police authorities may have 'adopted devices which, although' not complying fully with those safeguards, 'were not intentional evasions of the requirements of the privilege.' We think that the *Johnson* decision permits the State courts a reasonable range of discretion in sensible appraisal of police action taken prior to and in ignorance of the *Escobedo* decision. . . . That these defendants were repeatedly warned of their rights, that they were told that they could get in touch with counsel, that Eskedahl talked with counsel who gave advice at the police station, and that they never asked for counsel distinguishes this case from the *Escobedo* case. . . .

> There is no evidence [that their attorneys] . . . requested or demanded of the police that they cease their interrogation of the defendants." 352 Mass. 403 at 416–417, 226 N.E.2d at 208. [citations omitted].

We are asked to examine the discussion of *Escobedo* in vacuo, eliminating the factual discussion because the Supreme Judicial Court spoke without the benefit of specific findings by the Superior Court. We cannot fairly do so. In context, with the factual discussion and assumptions made and especially in light of the citations to Johnson v. New Jersey, *supra*, it is clear that the Supreme Judicial Court was aware of the applicability of *Escobedo* to this case. It cannot be inferred from this brief discussion on *appeal* that the *trier* did not apply the requisite standard.

Townsend v. Sain, 372 U.S. 293 at 314–315, 83 S.Ct. 745 at 758 indicates that in ordinary circumstances, unless "there is reason to suspect that an incorrect standard was in fact applied",

even where there has been no articulation by the state trier of fact, it may be properly assumed that the correct standards of federal law were applied. The facts of this case create a design which does not fit neatly into predetermined patterns. However, the petitioners' rights in *Escobedo* were vigorously argued in a special hearing on the evidence in question.[2] There is no "reason to suspect that an incorrect standard" was applied. Under these circumstances, entertaining the presumption that the Superior Court resolved petitioners' factual contentions against them would have been proper. *See* Lavalee v. Delle Rose, 410 U.S. 690, 93 S.Ct. 1203, 35 L.Ed.2d 637 (1973). Therefore, the district court was not obligated to hold an evidentiary hearing. A four day hearing was held at its discretion, Frank v. Mangum, 237 U.S. 309, 311, 35 S.Ct. 582, 59 L.Ed. 969 (1915), because the complex question before it warranted a deliberate reconstruction of the facts and because of an allegation that one of the attorneys had demanded to see his clients, which if proved would have entitled petitioners to relief. *Townsend, supra* 372 U.S. at 312, 83 S.Ct. 745; Fay v. Noia, 372 U.S. 391, 416 n. 27, 83 S.Ct. 822, 9 L.Ed.2d 837 (1962).

We turn now to the question of the appropriate burden of proof. The categories established in *Townsend* for mandatory hearing are codified in 28 U.S.C. § 2254(d). *See, e. g.,* Maxwell v. Turner, 411 F.2d 805 (10th Cir. 1969); United States ex rel. Hughes v. McMann, 405 F.2d 773, 776 (2d Cir. 1968). The statute employs the *Townsend* categories not to indicate when hearing is required but rather to establish the standard of proof which is to be applied to all hearings. *See* Developments in the Law, Federal Habeas Corpus, 83 Harv.L.Rev. 1038, 1122, n. 46, 1141 (1970).

Where the petitioner establishes any of the eight enumerated circumstances, a *preponderance* of evidence will suffice to show trial error. As we have indicated, the petitioners failed to establish one of these circumstances. The district court followed the letter of the statute in requiring "the applicant[s] to establish by *convincing* evidence that the factual determination by the State court was erroneous." 28 U.S.C. § 2254(d) (emphasis supplied).

The court, applying the appropriate standard, held: "The evidence is not convincing that the police refused to permit them to consult counsel." The court supported this conclusion by assuming a version of events, favorable to petitioners, evidenced by police records (recorded after the events) and petitioners' statements paralleling the records.[3] Even with these facts assumed the court found that petitioners were effectively warned of their right to be silent; that they were permitted to phone an attorney, friends, or family;[4] that there was only a passing request for counsel, not renewed; and that no attempt was made to terminate the questioning. The court further held that Mr. Travers, the attorney for petitioners, who said he "de-

---

2. "[I]f the prior state hearing occurred in the course of the original trial—for example, on a motion to suppress allegedly unlawful evidence, as in the instant case—it will usually be proper to assume that the claim was rejected on the merits. *Townsend, supra* at 314, 83 S.Ct. at 758.

3. The petitioners did not testify at the suppression hearing or the trial before the Superior Court. It is clear from the district court opinion that the district judge did not consider the testimony of the petitioners convincing. After examining the history of the circumstances and the petitioners' natural interest in obtaining relief, the court indicated that their testimony was questionable but that even if it were relied upon, they did not establish that they were unwilling to proceed with the interrogation without legal advice.

4. LePage did phone his wife several times and she came to the police station and was permitted to speak to him privately. Eskedahl spoke with Attorney Andrews early in the evening before the charge had been determined.

manded" to see his clients was at times confused and was not a wholly reliable witness. Even by his own testimony, his actions were inconsistent with his desire to see his clients. The district court ruled that the state court would have been justified in disbelieving his testimony and could have supportably found "that Travers failed to make a clear demand or that the demand was made after the confessions were given." [5]

■ Given the district court's factual findings, we concur in its legal evaluation. No constitutional violation was made out. Frazier v. Cupp, 394 U.S. 731, 89 S.Ct. 1420, 22 L.Ed.2d 684 (1968) dealt with a similar situation and *Escobedo* was the applicable case. In the midst of questioning Frazier said "I think I had better get a lawyer before I talk any more." *Id.* at 738, 89 S. Ct. at 1424. The Court held that in contrast to the clear request for counsel and counsel's repeated requests to see his client in *Escobedo*, "here . . . it is possible that the questioning officer took petitioner's remark not as a request that the interrogation cease but merely as a passing comment. Petitioner did not pursue the matter, but continued answering questions. In this context, we cannot find the denial of the right to counsel which was found so crucial in *Escobedo*." *Id.* at 739, 89 S.Ct. at 1424. We so hold in this case.

Affirmed.

5. Petitioners' challenge to these findings is unavailing. We say this after a thorough review of the district court transcript, the notes of the police officers, the deposition of Attorney Travers and the state court transcript of Attorney Andrews' testimony. The habeas hearing having taken place nine years after the trial, minor inconsistencies in testimony are inevitable. The only recording soon after the events was done by the police.

Petitioners made a special point to challenge the court's finding that Eskedahl re-

quested his attorney before talking to LePage and not before making the confession. We have reviewed the testimony petitioner pointed out but have also reviewed the oral testimony of Norton and Davenport which supported the findings. The district judge would have been supported in crediting any of this testimony. His holding was not that in fact a request was made before the consultation between the two petitioners but that at most the request was then made.