No. 47,508

THE STATE OF KANSAS, *Appellee*, v. TOMMY ALLEN MCKAY, *Appellant*.

(535 P. 2d 945)

Opinion filed May 10, 1975.

*Russell Shultz*, of Wichita argued the cause and was on the brief for the appellant.

*Stephen M. Joseph*, assistant district attorney, argued the cause, and *Curt T. Schneider*, attorney general, and *Keith Sanborn*, district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

FONTRON, J.: The defendant, Tommy Allen McKay, was charged with murder in the second degree. He was convicted of voluntary manslaughter and has appealed. The facts surrounding the incident

giving rise to the charge are of slight importance to the issues raised on appeal, and need but brief mention.

It is sufficient to say that Mr. McKay was invited to attend a drinking party in progress at the clubhouse of a motorcycle group. He accepted the invitation and joined in the revelry. Considerable liquid refreshment of an alcoholic nature was quaffed during the evening and early morning hours. Eventually a fatal incident took place—an occurrence in which the defendant shot and killed another man.

McKay was tried twice on the murder charge. At the conclusion of the first trial the jurors were unable to agree on a verdict. The trial court thereupon excused the jury and declared a mistrial under the authority contained in K. S. A. 22-3423 (Weeks 1974). This statute provides in pertinent part:

"(1) The trial court may terminate the trial and order a mistrial at any time that he finds termination is necessary because:

. . . . . . . . . . . . .

"(d) The jury is unable to agree upon a verdict; . . ."

It thereafter became known that the jurors, when discharged, stood nine for conviction of voluntary manslaughter and three for involuntary manslaughter, the trial court having instructed that both of those crimes were lesser offenses of second-degree murder. Affidavits obtained from six of the jurors recited that during the deliberations the jurors "determined that the defendant was not guilty of murder in the second degree." Based on this intelligence, the defendant filed a pretrial motion for a judgment of acquittal as to second-degree murder. This motion was overruled.

A second trial was had on the charge as it originally stood, i. e., second-degree murder. This time the defendant was convicted of voluntary manslaughter. Hence this appeal. His primary claim of error is that he was placed in double jeopardy. The thrust of his argument is simply this: The jury having stood nine for conviction of voluntary manslaughter against three for involuntary manslaughter, and six of the jurors having sworn that the jury determined the defendant was not guilty of second-degree murder, he could not again be placed on trial for second-degree murder.

Mr. McKay has small cause to complain of prejudicial error in this respect. He was not, at his first trial, convicted of a lesser offense, nor was he, at his second trial, convicted of the greater offense. He was, in fact, convicted of no offense whatever on the first go-

round, and of manslaughter only on the second. The facts here do not bring the case within the ambit of the decisions reached in *Green v. United States,* 355 U. S. 184, 2 L. Ed. 2d 199, 78 S. Ct. 221, or of *Benton v. Maryland,* 395 U. S. 784, 23 L. Ed. 2d 707, 89 S. Ct. 2056, where the jeopardy clause of the federal constitution was held to prohibit a second prosecution of the greater offense after a conviction of a lesser included offense had been reversed.

K. S. A. 21-3108 (Weeks 1974) seeks to codify, in effect, the rules relating to double jeopardy. So far as material to the present case the statute provides that a prosecution is barred if the defendant was formerly prosecuted for the same crime on the same facts if the former prosecution was terminated without the consent of the defendant after he was placed in jeopardy, except where the termination occurred *because it was impossible for the jury to agree on a verdict.* The exception is applicable here. The trial court found the jury was hopelessly deadlocked in the first trial and the record clearly supports that finding. Consequently, a mistrial was declared and the jury was discharged, leaving the defendant unconvicted at that particular time of any charge, great or small.

In the Judicial Council notes which accompany K. S. A. 22-3423, the following comment is found:

". . . A properly ordered mistrial does not prevent a subsequent trial on the same charge, even though the order is made after the defendant has been placed in jeopardy."

Decisions of this court fully sustain the view expressed by the Council. In *State v. Blockyou,* 195 Kan. 405, 407 P. 2d 519, we said:

". . . The existence of inability [of the jury] to agree nullifies any seeming jeopardy, and when the trial court concurs in and affirms the jury's conclusion that it is unable to agree the finding is absolute and conclusive in the absence of abuse of discretion. (Citing cases.)" (p. 408.)

See, also, *State v. Finley,* 208 Kan. 49, 52, 490 P. 2d 630, wherein the *Blockyou* decision is cited.

Under facts substantially the same as those before us, the California Court of Appeals, in *People v. Doolittle,* 23 Cal. App. 3d 14, 99 Cal. Rptr. 810, rejected defendant's contention of double jeopardy where, on a *second* trial, he was convicted of voluntary manslaughter as a lesser offense of first-degree murder. In that case, the foreman of the *first* jury testified that the jurors voted unanimously that defendant was not guilty of first-degree murder. In an opinion upholding the manslaughter conviction, the California appellate court said:

". . . [W]e apprehend that in the trial of an offense which necessarily includes a lesser offense, as was the case here, the jury, before they can return a verdict, must, on the one hand, agree that the defendant is guilty of the offense charged or any included offense or, on the other hand, agree that he is not guilty of any offense, whether the greater or the lesser. We are of the opinion that although the law contemplates the conviction of an accused of a lesser offense when the evidence is insufficient to justify conviction for the greater offense charged (citing cases), an acquittal of the greater charge does not result because the jury may have deemed the evidence insufficient to support that charge unless the jury agrees that he is guilty of a lesser included offense or agrees that he is not guilty of the crime charged, which finding includes a determination that he is not guilty of any included offense." (pp. 19, 20.)

We conclude that the defendant's claim of double jeopardy is unfounded.

The defendant further complains that the trial court took judicial notice of a Wichita ordinance making it unlawful for persons other than police officers to carry loaded firearms within the limits of the city. This contention is insubstantial. K. S. A. 60-409 (*b*) provides that judicial notice may be taken of a duly enacted ordinance of a governmental subdivision without request by a party.

Other points raised by the defendant have been noted and are found to be without merit.

The judgment is affirmed.

FROMME, J., not participating.