(865 P.2d 1058)
No. 69,158

STATE OF KANSAS, *Appellee*, v. CHARLES RICHARD FERRIS, *Appellant*.

Opinion filed December 30, 1993.

*J. Patrick Lawless, Jr.*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for the appellant.

*Ellen Mitchell*, assistant county attorney, *Julie McKenna*, county attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before ROYSE, P.J., RULON, J., and PATRICIA MACKE DICK, District Judge, assigned.

DICK, J.: Charles Ferris, defendant, appeals his conviction after a jury trial on one count of contributing to a child's misconduct

or deprivation, in violation of K.S.A. 21-3612(1)(f). Defendant alleges that the State presented insufficient evidence to support a conviction and that the trial court failed to instruct the jury concerning a lesser included offense. We reverse.

Defendant was convicted of sheltering K.B., a 15-year-old runaway, with the intent of aiding K.B. in avoiding apprehension by the police. In February 1992, K.B. ran away from her father's home in Winfield and drove to Salina, where she remained for approximately two weeks. According to K.B., she spent most of her time during the two weeks at defendant's residence.

K.B. had first become acquainted with defendant a year earlier through a mutual friend. Shortly after they met, defendant told K.B. that if she ever ran away and needed a place to stay she could stay at his house. When K.B. arrived in Salina, she stayed briefly with a girlfriend and then went to defendant's home, told him that she had run away, and asked if she could stay with him. Defendant said that she could.

Over the next two weeks, K.B. spent approximately 11 nights at defendant's house. K.B. was visited at defendant's home every day by her friends. She kept very busy during this time period traveling to Gypsum to see her boyfriend, dating two other boys, going out with her girlfriends, doing laundry, visiting a local high school, and driving around Salina in a girlfriend's car. Once K.B. was stopped by a policeman as she was driving to school with a friend, but she gave the officer a false name and was allowed to go on her way. When she was present at defendant's residence, however, defendant would tell her to hide in the kitchen or the garage if someone knocked on the door.

Eventually, K.B.'s boyfriend told K.B.'s mother that K.B. was staying with defendant. K.B.'s mother went to defendant's house, and when she did not see her daughter immediately she called the police. K.B. reluctantly went out into the yard to talk to her mother, and that is where the police officer found them when he arrived on the scene. Defendant was cooperative and polite when questioned by the officer. Based upon information supplied by K.B. and her mother, defendant was charged with one count of contributing to a child's misconduct.

Defendant was convicted pursuant to K.S.A. 21-3612, which provides:

"(1) Contributing to a child's misconduct or deprivation is:

(a) Causing or encouraging a child under 18 years of age to become or remain a traffic offender, child in need of care as defined by the Kansas code for care of children or juvenile offender as defined by the Kansas juvenile offenders code; [or]

. . . .

(f) sheltering or concealing a runaway with intent to aid the runaway in avoiding detection or apprehension by law enforcement officers.

"Contributing to a child's misconduct or deprivation as described in subsection (1)(a), (b), (c) or (d) is a class A misdemeanor. Contributing to a child's misconduct or deprivation as described in subsection (1)(e) or (f) is a class E felony.

. . . .

"(3) As used in this section, "runaway" means a child under 18 years of age who is willfully and voluntarily absent from:

(a) The child's home without the consent of the child's parent or other custodian."

The definition of a "child in need of care" under the Kansas Code for Care of Children includes "a person less than 18 years of age who . . . is willfully and voluntarily absent from the child's home without the consent of the child's parent or other custodian." K.S.A. 1992 Supp. 38-1502(a)(9). This is identical to the definition of "runaway" under K.S.A. 21-3612(3)(a). Therefore, K.S.A. 21-3612(1)(a) can be read to prohibit anyone from causing or encouraging a child under 18 years of age to become or remain a runaway.

The interpretation of K.S.A. 21-3612 is a matter of first impression for this court. The State proposes that section (1)(a) applies when an individual encourages a child to run away or to stay away; and (1)(f) applies whenever an individual shelters or hides a runaway, with or without police contact. The State contends that the act of sheltering or hiding the runaway, in and of itself, has the effect of aiding the runaway in avoiding police apprehension. Defendant argues that section (1)(f) requires that an individual have the specific intent of aiding the runaway in avoiding apprehension by law enforcement officers, and that proof of sheltering or hiding the runaway, by itself, is not enough to support a conviction.

It is well established that "[i]n Kansas all crimes are statutory and the elements necessary to constitute a crime must be gathered wholly from the statute." *State v. Smith*, 245 Kan. 381, Syl.

¶ 13, 781 P.2d 666 (1989). Penal statutes should be strictly construed in favor of the persons charged under them, and ordinary words are to be given their ordinary meaning. Furthermore, a statute should not be interpreted so as to read out what, as a matter of clear English, is in it. *State v. Zimmerman & Schmidt*, 233 Kan. 151, 155, 660 P.2d 960 (1983).

From the plain language of the statute, the elements of proving guilt under K.S.A. 21-3612(1)(f) are: (1) The child was a child under 18 years of age; (2) the child was a runaway; (3) the accused knowingly sheltered or concealed the child; and (4) the accused did so with the specific intent to aid the child in avoiding detection or apprehension by *law enforcement officers*. The jury instructions issued by the trial court in this case correctly reflected these four elements of the crime.

The question before the court is what constitutes sufficient evidence to prove the specific intent of aiding a child in avoiding detection or apprehension by law enforcement officers. In general, "[s]pecific intent as an element of the crime charged is normally a question of fact for the jury and may be shown by acts, circumstances and inferences reasonably deducible therefrom and need not be established by direct proof." *State v. Dubish*, 234 Kan. 708, Syl. ¶ 8, 675 P.2d 877 (1984). It is important to remember that when reviewing the record in a sufficiency of the evidence challenge, we view the evidence in the light most favorable to the prosecution in order to determine whether a rational factfinder could have found the defendant guilty beyond a reasonable doubt. *State v. Smith*, 245 Kan. at 392.

After a close reading of the record in this case, we conclude that there was not sufficient evidence introduced at trial to prove that defendant intended to aid K.B. in avoiding apprehension by the police. The State presented evidence establishing that K.B. was a runaway child under age 18 and that defendant sheltered and concealed K.B. at his home. But there was no evidence introduced from which a factfinder could reasonably deduce that defendant intended to aid K.B. in avoiding *police* apprehension. We agree with the State that the prosecution need not show actual police contact, or even that the police were looking for the child, in order to meet its burden of proof. But there must be some evidence of an act or circumstance or utterance by

defendant from which a jury could reasonably infer that defendant was concealing the runaway so as to aid the runaway in avoiding police detection or apprehension. In this case, K.B. was free to come and go from defendant's house as she pleased. Although there is evidence to prove that defendant intended to hide K.B. from some visitors, there is no indication that defendant specifically intended to conceal K.B. from law enforcement officers.

According to K.S.A. 21-3107(2), a defendant may be convicted of either the crime charged or a lesser included offense. The next question to consider, then, is whether K.S.A. 21-3612(1)(a) is a lesser included offense of K.S.A. 21-3612(1)(f).

A lesser crime is a lesser included offense for purposes of K.S.A. 21-3107(2)(d) if either all of the statutory elements of the alleged lesser included offense are among the statutory elements required to prove the charged crime, or the evidence required to be adduced at trial to prove the crime charged would also necessarily prove the lesser crime. *State v. Berberich*, 248 Kan. 854, 857, 811 P.2d 1192 (1991).

To obtain a conviction under K.S.A. 21-3612(1)(a), the State must prove that (1) the child was a child under 18 years of age; (2) the child was either a child traffic offender, a child in need of care (such as a runaway), or a juvenile offender; and (3) that the accused knowingly caused or encouraged the child to remain a traffic offender, a child in need of care, or a juvenile offender. It is clear that, if the State has met its burden of proof under K.S.A. 21-3612(1)(f), it has necessarily proven all of the elements of K.S.A. 21-3612(1)(a). Establishing that the child was under 18 years of age and a runaway satisfies the first two requirements of (1)(a). Showing that an accused knowingly sheltered or concealed the child satisfies the third element of (1)(a), because sheltering or concealing a child are ways in which a person would cause or encourage the child to remain a runaway. Because the evidence required to prove guilt under K.S.A. 21-3612(1)(f) would also prove guilt under K.S.A. 21-3612(1)(a), the latter is a lesser included offense of the former.

A review of the record shows that sufficient evidence was introduced at trial to convict defendant of the lesser included offense of K.S.A. 21-3612(1)(a). "Where a defendant has been convicted of the greater offense but evidence supports only a lesser

included offense, the case must be remanded to resentence the defendant for conviction of the lesser included offense." *State v. Kingsley*, 252 Kan. 761, 782, 851 P.2d 370 (1993). Accordingly, the conviction for contributing to a child's misconduct or deprivation, K.S.A. 21-3612(1)(f), is reversed, and the case is remanded to the district court with directions to resentence defendant for conviction of contributing to a child's misconduct or deprivation, K.S.A. 21-3612(1)(a).

Reversed and remanded.