(998 P.2d 131)

No. 82,214

RONALD SEATON, *Appellant,* v. STATE OF KANSAS, *Appellee.*

Opinion filed February 25, 2000.

*Karen Eager*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

No appearance by appellee.

Before GERNON, P.J., GREEN, J., and DAVID PRAGER, Chief Justice Retired, assigned.

GREEN J.: Ronald L. Seaton appeals the denial of his K.S.A. 60-1507 petition alleging (1) that the trial court did not have jurisdiction to convict and sentence him for aggravated indecent liberties

and (2) that his conviction is in violation of the prohibition against ex post facto application of the law. We agree and reverse.

On March 11, 1993, Seaton allegedly fondled the breasts of M.D., a minor under 14 years of age. As a result of the incident, Seaton was charged with aggravated indecent liberties with a child under K.S.A. 21-3504(a)(3)(A) on June 6, 1995. Seaton was convicted by a jury of aggravated indecent liberties with a child and sentenced under the Kansas Sentencing Guidelines to a term of 46 months.

The Department of Corrections notified the trial court that Seaton's sentence was illegal because Seaton was sentenced under the post-July 1, 1993, sentencing guidelines. The trial court then resentenced Seaton under the pre-July 1, 1993, sentencing statutes to a term of 5 to 20 years in prison.

Seaton filed a K.S.A. 60-1507 motion in the trial court alleging that the trial court was without jurisdiction to try, sentence, and resentence him as the crime he was charged with was not in effect at the time of the alleged offense. The State and the trial court agreed that Seaton was charged with the wrong crime.

The trial court, however, devised an interesting strategy for remedying the error. First, the trial court vacated Seaton's sentence for the aggravated indecent liberties conviction, rationalizing that the State committed inadvertent error in captioning the case as an aggravated indecent liberties case. Then, the trial court determined that the jury's finding that Seaton was guilty of aggravated indecent liberties was sufficient to support a finding of guilty under the indecent liberties statute in effect on the date of the offense. Finally, the trial court sentenced Seaton to a term of 32 months for the lesser offense of indecent liberties with a child. The trial court did not address the issues of whether it had jurisdiction to originally convict and sentence Seaton or whether Seaton's constitutional right against ex post facto application of the law was violated.

We first note the absence of a brief from the State. Given the nature of the contentions in the K.S.A. 60-1507 motion, a brief by the State might have been helpful and, at the least, would have demonstrated an interest in this case.

Seaton's sole argument on appeal is that the trial court erred in denying his K.S.A. 60-1507 motion because the trial court did not have jurisdiction to convict and sentence him and because his conviction is in violation of the prohibition against ex post facto application of the law. The standard of review of a trial court's denial of a K.S.A. 60-1507 motion is whether the trial court's findings are supported by substantial competent evidence and whether the findings are sufficient to support the trial court's conclusions of law. *Taylor v. State*, 252 Kan. 98, 103, 843 P.2d 682 (1992).

*Jurisdiction of the Trial Court*

It is first necessary to address whether the trial court had jurisdiction to try Seaton for aggravated indecent liberties as charged in the complaint. Whether the trial court had jurisdiction is a question of law and this court applies an unlimited standard of review. See *State v. Snelling*, 266 Kan. 986, 988, 975 P.2d 259 (1999).

The complaint is the jurisdictional instrument on which a criminal defendant stands trial. *Carmichael v. State*, 255 Kan. 10, Syl. ¶ 4, 872 P.2d 240 (1994). A trial court lacks jurisdiction to convict a defendant when the complaint omits an essential element of a crime. *State v. Waterberry*, 248 Kan. 169, 170, 172, 804 P.2d 1000 (1991). On the other hand, when the complaint "alleges all the essential elements of the offense charged, the district court has jurisdiction even if the criminal statute cannot be applied to the facts involved." *Carmichael*, 255 Kan. 10, Syl. ¶ 4.

In the present case, the complaint alleged all the essential elements of the offense of aggravated indecent liberties under K.S.A. 21-3504(a)(3)(A). The statute provides:

"Aggravated indecent liberties with a child is:

. . . .

"(3) engaging in any of the following acts with a child who is under 14 years of age:

(A) Any lewd fondling or touching of the person of either the child or the offender, done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child or the offender, or both."

In addition, the complaint alleged the essential elements of the offense of indecent liberties under K.S.A. 1992 Supp. 21-3503(1)(b). The statute states:

"Indecent liberties with a child is engaging in any of the following acts with a child who is under 16 years of age:

. . . .

"(b) any lewd fondling or touching of the person of either the child or the offender, done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child or the offender, or both."

The complaint stated that "[Seaton] engage[d] in lewd fondling or touching of the person of a child under fourteen years of age." In other words, the evidence adduced at trial not only supports the crime alleged in the complaint, aggravated indecent liberties under K.S.A. 21-3504(a)(3)(A), but also supports the crime of indecent liberties under K.S.A. 1992 Supp. 21-3503(1)(b). As a result, under the precedent established by *Carmichael*, the trial court had jurisdiction over Seaton's criminal matter.

### *Ex Post Facto Application of the Law*

Although the trial court had jurisdiction, Seaton's conviction may violate the prohibition against ex post facto application of the law. The rule prohibiting retroactive application of a substantive change in a criminal statute has its genesis in the constitutional prohibition against ex post facto laws. Article 1, § 9, of the United States Constitution provides: "No Bill of Attainder or ex post facto Law shall be passed." In addition, Article 1, § 10, provides: "No State shall . . . pass any . . . ex post facto Law."

The United States Supreme Court has developed a two-pronged test to determine whether application of a penal law violates the Ex Post Facto Clause. "[F]irst, the law 'must be retrospective, that is, it must apply to events occurring before its enactment'; and second, 'it must disadvantage the offender affected by it.'" *Miller v. Florida*, 482 U.S. 423, 430, 96 L. Ed. 2d 351, 107 S. Ct. 2446 (1987) (quoting *Weaver v. Graham*, 450 U.S. 24, 29, 67 L. Ed. 2d 17, 101 S. Ct. 960 [1981]). See *State v. LaMunyon*, 259 Kan. 54, 65, 911 P.2d 151 (1996) ("An ex post facto violation occurs when a new law is retroactively applied to events that occurred before its enactment and the new law disadvantages the offender affected by it.").

The aggravated indecent liberties statute Seaton was convicted under became law on July 1, 1993. See L. 1992, ch. 298, § 22; L.

1993, ch. 253, § 5; L. 1993, ch. 291, § 271. The alleged offense, however, occurred on March 11, 1993. Because the alleged fondling incident occurred prior to the enactment of the aggravated indecent liberties statute, the first prong of the ex post facto test is satisfied in this case.

Moreover, the second prong of the ex post facto test is also satisfied. The aggravated indecent liberties statute disadvantaged Seaton in that it imposed a greater punishment than its predecessor. At the time of Seaton's conviction, the aggravated indecent liberties statute carried a sentence of 46 to 51 months. The trial court imposed the minimum sentence of 46 months.

The current aggravated indecent liberties statute, K.S.A. 21-3504(a)(3)(A), criminalizes nearly identical behavior as was punished under the former indecent liberties statute, K.S.A. 1992 Supp. 21-3503(1)(b). As a result, these statutes must be compared to determine whether the new statute carries a greater punishment than the prior statute.

Under the sentencing statute in effect on the date of the alleged offense, indecent liberties was classified as a Class C felony, the punishment for which was "an indeterminate term of imprisonment, the minimum of which shall be fixed by the court at not less than three years nor more than five years and the maximum of which shall be fixed by the court at not less than 10 years nor more than 20 years." K.S.A. 21-4501(c); K.S.A. 1992 Supp. 21-3503(3). In other words, the trial court could have sentenced Seaton to as little as 36 months for a conviction under the appropriate indecent liberties statute. As a result, Seaton was disadvantaged by the ex post facto application of the new aggravated indecent liberties statute because he could have received a lesser sentence had he been convicted of the proper statutory violation. Although it is also possible Seaton could have been sentenced to a longer term under the prior statutes, this court must read the statutes strictly and literally in Seaton's favor. Thus, Seaton's conviction for aggravated indecent liberties violates his constitutional right against ex post facto application of the law.

*Response of the Trial Court*

It is next necessary to address whether the trial court remedied the constitutional violation by converting the aggravated indecent liberties conviction to a conviction under the former indecent liberties statute.

Under certain circumstances, it is permissible for a trial court to substitute its findings with those of a jury. For example, in *State v. Burns*, 23 Kan. App. 2d 352, 362, 931 P.2d 1258, *rev. denied* 262 Kan. 964 (1997), this court held

"that when a trial court determines the evidence in a jury trial is insufficient to support the jury's verdict convicting a defendant of an offense, but that same evidence does support a conviction of a lesser included offense, the trial court may acquit the defendant of the greater offense and enter judgment convicting the defendant on the lesser included offense."

Another case permitting trial courts to substitute convictions is *Carmichael.* In fact, the trial court in the instant case found the *Carmichael* case controlling and cited it in justification of its actions. *Carmichael* held that if a defendant is convicted and sentenced for rape when the more specific offense of aggravated incest should have been charged, the trial court may vacate the rape sentence and resentence the defendant for aggravated incest. 255 Kan. 10, Syl. ¶ 5.

The procedures utilized by the trial courts in *Burns* and *Carmichael* are distinguishable from the trial court's actions the instant case. First, neither *Burns* nor *Carmichael* involves the ex post facto application of a penal statute. Additionally, *Burns* permitted a trial court to replace a conviction for a greater crime with a conviction for a lesser crime and *Carmichael* switched a general offense conviction with a conviction for a specific offense. In Seaton's case, however, the trial court replaced an ex post facto conviction with a conviction under a statute in effect on the date of the alleged offense. Moreover, the former indecent liberties statute is not a lesser crime or a more specific offense than the current aggravated indecent liberties statute, in that both punish nearly identical behavior. As a result, *Burns* and *Carmichael* do not justify the trial court's actions in the instant case.

We could find no binding or persuasive case law which addresses the anomalous issue of whether a trial court may remedy an ex post facto conviction by replacing it with a finding of guilt under a statute in effect at the time of the alleged offense. As a result, we must determine if Seaton is entitled to any relief because the State and the trial court violated the ex post facto rule.

A retrospective law violates the Ex Post Facto Clause of the Constitution and is void. See *In re Petty*, 22 Kan. 477, 482-83 (1879). It follows that a conviction resulting from ex post facto application of the law is also void. A void conviction has no force or effect so that nothing can cure it—not even a legal fiction as attempted by the trial court in the instant case. See *In re M.K.D.*, 21 Kan. App. 2d 541, 544, 901 P.2d 536 (1995) (quoting 46 Am. Jur. 2d, Judgments § 31, p. 393-94) ("A void judgment is not entitled to the respect accorded to, and is attended by none of the consequences of, a valid adjudication."); Black's Law Dictionary 1573 (6th ed. 1990).

While legal fictions may be used to create devices such as constructive delivery and implied provisions in contracts, it is inappropriate to presume that an unconstitutional conviction can be cured by simply announcing that a defendant is no longer guilty of violating the ex post facto law but rather the statutory provision in effect at the time of the alleged offense. Because Seaton's conviction for aggravated indecent liberties is void and the trial court's attempt to modify that conviction was fruitless, the conviction must be vacated. See *Petty*, 22 Kan. at 483 (indicating that if a sentence and judgment imposed under an ex post facto law "are wholly void, and not merely irregular or erroneous, then the petitioner is entitled to his discharge"). As a result, the trial court erred in refusing to grant Seaton's K.S.A. 60-1507 motion on the ground that the aggravated indecent liberties conviction violated the prohibition against ex post facto application of the law.

*Statute of Limitations*

Seaton contends that if this court vacates his conviction, the State cannot retry him because the statute of limitations has expired. Specifically, Seaton contends that because the State did not

file a valid complaint or information against him, the statute of limitations has not been tolled.

The fallacy of Seaton's argument is that, as discussed previously, the complaint filed against him is valid since it alleged all the essential elements of the charge of aggravated indecent liberties under K.S.A. 21-3504(a)(3)(A) and indecent liberties under K.S.A. 1992 Supp. 21-3503(1)(b). As a result, under K.S.A. 1999 Supp. 21-3106(8)(d), the statute of limitations has been tolled.

*Double Jeopardy Clause*

Because the statute of limitations has not expired, the State may retry Seaton under the indecent liberties statute in effect on the date of the alleged offense, provided that double jeopardy has not attached.

*Montana v. Hall*, 481 U.S. 400, 401-02, 95 L. Ed. 2d 354, 107 S. Ct. 1825 (1987), addressed whether the Double Jeopardy Clause prohibited prosecution of a criminal defendant for sexual assault after that defendant's conviction for incest was reversed when it was discovered that the incest statute did not apply to the facts of the case. The Court held that "trial of respondent for sexual assault, after reversal of respondent's incest conviction on grounds unrelated to guilt or innocence, does not offend the Double Jeopardy Clause." 481 U.S. at 403. The Court rationalized:

"[R]espondent's conduct apparently was criminal at the time he engaged in it. If that is so, the State simply relied on the wrong statute in its second information. It is clear that the Constitution permits retrial after a conviction is reversed because of a defect in the charging instrument. *E.g., United States v. Ball*, 163 U.S. 662, 672[, 16 S. Ct. 1192, 1195, 41 L.Ed. 300] (1896)." *Hall*, 481 U.S. at 404.

Analysis of the precedent established in *Hall* indicates that the Double Jeopardy Clause does not prevent the State from retrying Seaton for violating the prior indecent liberties statute. First, the State erroneously relied on the aggravated indecent liberties statute in its complaint against Seaton, and the Constitution permits retrial after a conviction is reversed due to a defect in the charging instrument. In addition, double jeopardy does not prevent retrial on an indecent liberties charge if the aggravated indecent liberties conviction is reversed on grounds unrelated to Seaton's guilt or

innocence. Moreover, Seaton's conduct was criminal under the indecent liberties statute in effect at the time he allegedly fondled M.D.'s breasts. As a result, the State may retry Seaton under the indecent liberties statute in effect on the date of the alleged offense without violating the Double Jeopardy Clause.

Reversed.