(61 P.3d 108)

No. 86,736

EILEEN FERGUSON, *Appellant,* v. STATE OF KANSAS, *Appellee.*

Opinion filed January 17, 2003.

*Stephen M. Joseph,* of Joseph & Hollander, P.A., of Wichita, for the appellant.

*Keith E. Schroeder,* district attorney, and *Carla J. Stovall,* attorney general, for the appellee.

Before BEIER, P.J., PIERRON, J., and PADDOCK, S.J.

PIERRON, J.: Eileen Ferguson appeals the denial of her motion to vacate sentence filed pursuant to K.S.A. 60-1507. Ferguson claims she was denied effective assistance of counsel at the trial where she was convicted of arson. Ferguson contends her counsel was ineffective for failing to request a dismissal or file a motion for arrest of judgment, failing to properly investigate the restaurant's financial condition, and failing to properly investigate the origin of the fire.

The parties are well versed in the facts of this case resulting in Ferguson's conviction for arson involving Sampler's Restaurant. A detailed statement of the facts was set forth in Ferguson's direct appeal (*State v. Ferguson,* No. 81,677, unpublished opinion filed March 17, 2000, *rev. denied* 269 Kan. 936 [2000]). In her direct appeal, Ferguson challenged: (1) the jurisdiction under a defective complaint; (2) the jury instructions; (3) the admission of certain evidence; and (4) the sufficiency of the evidence supporting her conviction. We denied all of Ferguson's claims and affirmed her conviction.

After the Kansas Supreme Court denied review, Ferguson filed a K.S.A. 60-1507 motion claiming ineffective assistance of counsel. Ferguson argued her trial counsel, Francis Meisenheimer, should have filed a motion for dismissal under K.S.A. 22-3208 or to arrest judgment under K.S.A. 22-3502 on the ground that the complaint was fatally defective. She also argued Meisenheimer failed to properly investigate the origin of the fire and failed to present expert testimony from an arson investigator. Last, Ferguson argued Meisenheimer failed to properly investigate the financial condition of the restaurant and failed to present expert testimony to support the positive cash flow and profitability of the restaurant.

The trial court conducted a full evidentiary hearing on Ferguson's 60-1507 motion. Ferguson introduced 42 exhibits and 5 witnesses testified. David Mitchell and John Evans testified concerning the financial condition of Sampler's Restaurant. Dr. John DeHaan testified concerning the fire investigation. Jack Focht, an attorney, testified how Meisenheimer's representation fell below the level of reasonable competence. Meisenheimer took the stand to explain his trial tactics and strategies.

In an 18-page decision, the trial court denied Ferguson's 60-1507 motion. The court held Ferguson had failed to show there was a reasonable probability that the result of her trial would have been different but for Meisenheimer's alleged unprofessional conduct. The court stated Ferguson's alleged errors of Meisenheimer's failure to satisfactorily probe the financial condition of Sampler's Restaurant just before the fire and failure to call an arson expert were "just the type of action that the Kansas Supreme Court said 'might be considered sound trial strategy . . . .' State v. Rice, 261 Kan. 567 [, 607, 932 P.2d 981 (1997)]." With regard to Meisenheimer's failure to move for arrest of judgment based on the defective complaint, the court applied the "common sense" test set forth in State v. Hall, 246 Kan. 728, 764-65, 793 P.2d 737 (1990), and decided Ferguson "received the effective assistance of counsel, she was fully aware of the charges against her and was able to provide a defense, could not plead the conviction in any subsequent prosecution, or that the information violated her rights."

The purpose of the effective assistance guarantee of the Sixth Amendment to the Constitution of the United States is to ensure that criminal defendants receive a fair trial. *Strickland v. Washington*, 466 U.S. 668, 689, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984).

"Before counsel's assistance is determined to be so defective as to require reversal of a conviction, defendant must establish (1) counsel's performance was deficient, which means counsel made errors so serious that counsel's performance was less than that guaranteed by the Sixth Amendment, and (2) the deficient performance prejudiced the defense, which requires showing counsel's errors were so serious they deprived defendant of a fair trial." *State v. Hedges*, 269 Kan. 895, 913, 8 P.3d 1259 (2000).

Ferguson first contends she was denied effective assistance of counsel because Meisenheimer did not file a timely motion to dismiss under K.S.A. 22-3208(3) or postconviction motion to arrest judgment under K.S.A. 22-3502. Ferguson argues that Meisenheimer did not "advance some grand defense strategy" for not filing either motion, that he admitted at trial that he thought he waived the objection after the verdict, and that his deficient performance prejudiced her rights.

The complaint in this case was defective. The State does not argue otherwise. Under K.S.A. 21-3718(a)(2), arson is "knowingly, by means of fire or explosive: . . . damaging any building or property with intent to injure or defraud an insurer or lienholder." The complaint failed to allege Ferguson's acts were done "knowingly" and "by means of fire or explosive," which are elements of arson in K.S.A. 21-3718. The Kansas Supreme Court has repeatedly emphasized that the State cannot merely refer to a statute to state the requisite elements of a crime. See, *e.g.*, *State v. Jackson*, 239 Kan. 463, 466, 721 P.2d 232 (1986). We are bound by those decisions. Here, the complaint clearly failed to state all the elements of the crime of arson.

Ferguson did not challenge the adequacy of the complaint prior to or during the trial and did not file a motion to arrest judgment within 10 days after her conviction. See K.S.A. 22-3502. Generally, a complaint which omits an essential element of a crime is fatally defective, and the trial court lacks jurisdiction to convict the defendant. *State v. Waterberry*, 248 Kan. 169, 170, 804 P.2d 1000

(1991); *Jackson*, 239 Kan. 463, Syl. ¶ 5. The court in *Hall* stated: "A motion for arrest of judgment is the proper procedure for a defendant who wishes to challenge the sufficiency of the information after trial because of either a claim that it did not charge a crime or that the court was without jurisdiction of the crime charged." 246 Kan. at 764.

Defense counsel may file a motion to dismiss under K.S.A. 22-3208(3). However, the State may orally amend an information and file a subsequent journal entry curing the insufficiency of the information. *State v. Rasch*, 243 Kan. 495, 500, 758 P.2d 214 (1988). Pursuant to K.S.A. 2001 Supp. 22-3201(b) and (e), an information is required to be in writing and may be amended at any time with leave of the court before a verdict or finding "if no additional or different crime is charged and if substantial rights of the defendant are not prejudiced."

With regard to a motion to arrest judgment, in *State v. Sweat*, 30 Kan. App. 2d 756, 48 P.3d 8, *rev. denied* 274 Kan. 1118 (2002), this court reiterated the technical nature upon which we examine complaints when a timely motion to arrest judgment is filed:

"Because Sweat properly preserved her issue regarding the sufficiency of the complaint through a motion to arrest judgment, the following test controls:
' "In Kansas, all crimes are statutory and the elements necessary to constitute a crime must be gathered wholly from the statute. An information which omits one or more of the essential elements of the crimes it attempts to charge is jurisdictionally and fatally defective, and a conviction based on such an information must be reversed." ' *State v. Crockett*, 26 Kan. App. 2d 202, 205, 987 P.2d 1101 (1999) (quoting *State v. Sanford*, 250 Kan. 592, 601, 830 P.2d 14 [1992])." *Sweat*, 30 Kan. App. 2d 760.

If the trial court lacked jurisdiction over the charge of arson, it would lack jurisdiction to convict Ferguson of arson. *Cf. State v. Burns*, 23 Kan. App. 2d 352, 362, 931 P.2d 1258, *rev. denied* 262 Kan. 963 (1997) (charging document gives court jurisdiction to convict defendant of crimes charged or of lesser included crimes thereof). Therefore, if Ferguson's trial counsel would have filed a timely motion to arrest judgment, it should have been granted.

If the defect in the complaint is not raised in a timely fashion, however, a different standard applies. When an untimely challenge

is asserted, the complaint will be read as a whole and interpreted to include facts necessarily implied. A complaint will be upheld unless it is so defective that it does not, by any reasonable construction, charge an offense for which the defendant was convicted. In *Hall*, 246 Kan. at 764, the court announced that when an information is claimed to be defective for the first time on appeal "common sense" would be the guide for determining whether the information was sufficient. Essentially, the defendant must prove the defect in the information prejudiced the defendant's defense, impaired the defendant's ability to plead the conviction in a double jeopardy content, or limited the defendant's substantial rights to a fair trial.

It appears Meisenheimer's performance was less than that guaranteed by the Sixth Amendment when he failed to challenge the trial court's jurisdiction in a timely motion to arrest judgment. There was no strategic justification for foregoing the motion. However, a claim of ineffective assistance of counsel is a two-pronged analysis. Because Meisenheimer's performance was deficient, the court must then determine whether Ferguson was prejudiced by Meisenheimer's poor performance. Had a timely motion to arrest judgment been filed, the case would have been evaluated under the pre-*Hall* standards. Ferguson's defense was prejudiced since a timely motion would have invoked review under the stringent pre-*Hall* standards. In applying those more stringent standards, the trial court would have been required to arrest the judgment and allow Ferguson a new trial.

If counsel had timely filed a motion to arrest judgment and the motion was granted, the State would have been able to file a new complaint that sufficiently stated the arson charge and then retry Ferguson. See *Montana v. Hall*, 481 U.S. 400, 95 L. Ed. 2d 354, 107 S. Ct. 1825 (1987) (Montana Supreme Court's vacating of incest conviction as void because it was based on statute not in effect at time of crime did not bar State from retrying defendant on proper sexual assault charge); see also 21 Am. Jur. 2d, *Criminal Law* § 333 ("jeopardy does not result from conviction under fatally defective indictment since conviction is nullity and court justified

on motion of either party or own motion to declare mistrial at any stage of trial).

A troubling aspect of this case is that allowing Ferguson to invoke review under the stringent pre-*Hall* standards by claiming ineffective assistance of counsel undermines the Supreme Court's apparent aim in *Hall* to reduce the number of jurisdictional challenges of this kind raised for the first time on appeal. By allowing a defendant to assert an ineffective assistance of counsel claim and reevaluate the case under the pre-*Hall* standards, much of the *Hall* process would be rendered meaningless.

All that would be left to apply *Hall* to would be the conceptually difficult instance where counsel knew of the jurisdictional problem but deliberately did not file a motion to arrest judgment for some tactical reason. It is difficult to see what valid reason there might be to do that.

In a 60-1507 ineffective assistance of counsel context, the *Hall* process breaks down. Ferguson either did or did not receive a fair trial, using the common sense approach of *Hall*, whether or not an arrest of judgment motion was filed. It is difficult to see why there should be a different posttrial procedure depending on the filing of the motion. However, it appears that *Hall* requires precisely that analysis. On the other hand, it is obvious that in almost every conceivable situation, a competent defense counsel should know when a complaint is facially defective and that such a conviction can be set aside and a new trial obtained by the filing of a motion to arrest judgment.

It was, therefore, obviously below standard for defense counsel to fail to notice an obvious defect and take the necessary steps to obtain a new trial for the defendant.

Because we are reversing on this ground, we need not reach Ferguson's other arguments concerning alleged failures of trial counsel's performance in the presentation of the defense.

Reversed and remanded.